**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**IRONWORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY
BENEFIT TRUST, et al.,**

                    **Plaintiffs,**

**-vs-**                                                                       **Case No. 3-:04-CV-252**

**QUANTUM STEEL, INC.,**

                                                                               **Judge Thomas M. Rose**

                    **Defendant.**

_____

**ENTRY AND ORDER GRANTING DEFAULT JUDGMENT AGAINST
QUANTUM STEEL, INC. AND TERMINATING THE CASE**
_____

This is an action brought by three employee benefit plans against an employer, Quantum Steel, Inc. ("Quantum") to collect allegedly delinquent contributions owed to the plans. The three benefit plans are the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust (the "Benefit Trust"), the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust (the "Pension Trust") and the Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (the "Annuity Trust"). Each of the plans is governed by a Trust Agreement and the Benefit Trust, the Pension Trust and the Annuity Trust are hereinafter referred to collectively as the "Funds."

The three Funds are benefit plans maintained pursuant to employer contributions required by collective bargaining agreements between thirteen unions and signatory employers. Therefore, the three Funds are multi-employer plans within the meaning of ERISA, 29 U.S.C. §1002(37)(A).

This Court has jurisdiction over this matter pursuant to ERISA. ERISA, 29 U.S.C. §§1132(a), 1132(e)(1), 1132(f) and 1132(g)(2) provides that the United States District Court shall have exclusive jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA or the terms of the plan or the violations of 29 U.S.C. §1145.

This action was commenced on July 14, 2004. The Complaint was served on Quantum and Quantum has not answered. Pursuant to Fed.R.Civ.P. 55(a), the Clerk entered the default of Quantum on December 8, 2004. (Doc. #5.) Now before the Court is the Funds' unopposed Motion for Default Judgment pursuant to Fed.R.Civ.P. 55(b). (Doc. #6.)

**FACTUAL BACKGROUND**

This factual background is based upon information provided in an Affidavit executed by Helen Clark. Helen Clark is employed by the Funds and is responsible for monitoring employer contributions to the Funds. (Helen Clark Aff. 2, 3.)

Quantum was at all times relevant an employer engaged in the building and construction industry and was primarily involved in the erection of structural steel. Quantum employed iron workers represented by Iron Workers Local 22, Indianapolis, Indiana. (Id. 21.) Pursuant to employment of these iron workers, Quantum was signatory to a collective bargaining agreement (the "CBA") with Local 22 and a Participation Agreement. (Id. 19, 21.) Both the CBA and the Participation Agreement required Quantum to make employer contributions to the Benefit Trust, the Pension Trust and the Annuity Trust. (Id. 20, 22.)

The employer contributions to be made by Quantum were based upon the hours worked by the covered employees. (Id. 23, 25.) The contribution payments are to be made on a monthly

basis along with reports submitted by Quantum showing the hours worked by covered employees. (Id.)

For the months of June 2003 through April 2004, Quantum reported hours worked by iron workers but failed to make an employer contribution for those reported hours to the Funds. (Id. 25, 26.) As a result of its delinquency to the Funds, Quantum was also liable for liquidated damages and interest for late payment. The liquidated damages and interest are provided for by specific formulas in each of the Trust Agreements for the Funds. (Id. Ex. 1, 2, 3.)

Based upon the hours worked as reported by Quantum, the provisions of the Trust Agreements and the CBA, Ms. Clark calculated Quantum's delinquent employer contributions and the resulting liquidated damages and interest. (Id. 26.) Ms. Clark calculated that Quantum owed a total of $32,151.31 to the Benefit Trust, a total of $28,017.58 to the Pension Trust and a total of $19,263.72 to the Annuity Trust. (Id. 27-29.) These totals include delinquent employer contributions, liquidated damages and interest. Also, since the liquidated damages and interest calculations are time dependent, the Court will assume that they were calculated as of September 23, 2005, the day Ms. Clark's Affidavit was executed.

## ANALYSIS

The Funds now seek a default judgment against Quantum in the amount computed by Ms. Clark as owed under the three Trust Agreements for delinquent employer contributions, liquidated damages and interest. The Funds also seek interest computed pursuant to 28 U.S.C. §1961 and the costs of this action.

The Funds seek a default judgment pursuant to Fed.R.Civ.P. 55(b) but do not specify which subsection of Rule 55(b). Rule 55(b)(1) provides that judgment by default may be entered

when the claim is for a sum certain or for a sum which can by computation be made certain if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note. *Dailey v. R & J Commercial Contracting*, 2002 WL 484988 at *3 (S.D.Ohio Mar. 28, 2002). Rule 55(b)(2) provides that a court may determine what is an appropriate amount of damages that cannot simply be calculated from the terms of a written document. *Id.*

As part of the damages sought, the Funds seek interest computed pursuant to 28 U.S.C. § 1961. Section 1961 provides for interest on any money judgment in a civil case recovered in a district court. 28 U.S.C.A. § 1961(a). This interest is calculated from the date of entry of the judgment and is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar year preceding." Id. Finally, interest is computed daily to the date of payment and is compounded annually. Id.

In this case, it is undisputed that Quantum signed the CBA with Local 22 and the Participation Agreement with the Funds that obligated Quantum to abide by the terms of the Trust Agreements including making employer contributions pursuant to the terms of the Trust Agreements. It is also undisputed that Quantum has failed to make certain employer contributions and pay interest and liquidated damages as required by the Trust Agreements. Finally, it is undisputed that the Funds are multi-employee benefit plans within the meaning of ERISA, 29 U.S.C. §1145.

Section 1145 provides that,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

The failure of Quantum to make the contributions required by the Trust Agreements are, therefore, a violation of Section 1145 for which the Funds now seek a remedy.

> ERISA, 29 U.S.C. §1132(g) provides a remedy as follows:
>
> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan -
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of -
>     (i)  interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code or 1986 [26 USCS § 6621]

29 U.S.C.S. §1132(g)(2) (LexisNexis 1998).

In this case, the amount of unpaid employer contributions, interest and liquidated damages are sums certain that can be calculated from the terms of the Trust Agreements. These amounts are also due to the Funds pursuant to ERISA, 29 U.S.C. §1154 and, when unpaid as is the case here, are recoverable as damages pursuant to ERISA, 29 U.S.C. §1132(g)(2). Therefore, upon application of the Funds, judgment is hereby entered against Quantum.

**Wherefore, it is Ordered, Adjudged and Decreed** that:

1. The Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust shall have and recover against the Defendant, Quantum Steel, Inc. in the sum of $32,151.31, together with interest computed pursuant to Title 28 U.S.C. §1961, and that the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust shall have execution therefor; and

2. the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Pension Trust shall have and recover against the Defendant, Quantum Steel, Inc. in the sum of $28,017.58, together with interest computed pursuant to Title 28 U.S.C. §1961, and that the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Pension Trust shall have execution therefor; and

3. the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust shall have and recover against the Defendant, Quantum Steel, Inc. in the sum of $19,263.72, together with interest computed pursuant to Title 28 U.S.C. §1961, and that Plaintiff, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust shall have execution therefor.

This is a total judgment in favor of the Plaintiffs and against the Defendant Quantum Steel, Inc. in the amount of $79,432.61 together with interest, computed pursuant to Title 28 U.S.C. §1961.

The Funds' Motion for Default Judgment includes a request for the costs of this action. However, the Funds have not provided the information from which the Court can ascertain this

amount pursuant to either Fed.R.Civ.P. 55(b)(1) or (2). Therefore, this judgment does not include the costs of this action.

No further issues remain to be adjudicated at this time. Therefore, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Ninth day of November, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record